# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Carlton Coleman, ) | Case No.: 4:04-2217-HFF-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| John J. LaManna, Warden, ) | |
| ) | |
| Defendant. ) | |
| ) | |

     Petitioner, Carlton Coleman ("petitioner/Coleman"), was housed at the Federal Correctional Institution (FCI) Edgefield, South Carolina. Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 289 U.S.C. § 2241[1] on July 8, 2004. Respondent filed a motion to dismiss on August 31, 2004, along with supporting memorandum arguing that the case should be dismissed for failure to exhaust the required administrative remedies. The undersigned issued an order filed September 3, 2004, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion to dismiss/summary judgment procedure and the possible consequences if he failed to respond adequately. No response was filed by petitioner. Therefore, a report and recommendation was issued on October 14, 2004, recommending that the petition be dismissed for failure to prosecute. Subsequently, petitioner filed a response on October 21, 2004. The Honorable Henry F. Floyd, United States District Court Judge, entered an order on April 21, 2004, recommitting the case to the undersigned for consideration of petitioner's response.

---

    [1]This case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

# I. PROCEDURAL BACKGROUND

The procedural history as set forth by respondent in his memorandum has not been seriously disputed by petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by respondents.

Petitioner was sentenced on October 23, 2002, to a thirty-six (36) month term of incarceration in the United States District Court for the Southern District of Georgia, for the offense of Supervised Release Violation. Respondent stated in his memorandum that petitioner was incarcerated at the FCI Edgefield, South Carolina and had a projected release date of May 3, 2005, via Good Conduct Time (GCT) Release.

# II. PETITIONER'S GROUNDS FOR RELIEF

Petitioner filed this petition pursuant to 28 U.S.C. §2241, challenging the Federal Bureau of Prisons' (BOP) interpretation and application of 18 U.S.C. § 3624(b) (credit towards service of sentence for satisfactory behavior), and interpretation and application of 18 U.S.C. § 3624(c)(Pre-release custody). Specifically, petitioner raised the following grounds in his petition, quoted verbatim:

> GROUND ONE:   B.O.P. misrepresentation of the good time statute. Petitioner asserts that the B.O.P. should calculate his good time credits on the basis of his entire sentence rather than on the time served.
>
> SUPPORTING FACTS:   Petitioner was sentenced to thirty-six months incarceration and is being given credit for one-hundred and forty-one good time days. Petitioner should earn fifty-four for each of the

|  |  |
|---|---|
|  | three years that he was sentenced which will amount to one hundred and sixty-two days good time credit. |
| GROUND TWO: | Petitioner was denied for six-month placement in the community correction center because of the new ruling of the long standing 15 year-old policy by the Bureau of Prisons. All federal inmates was eligible regardless of length of sentence. |
| SUPPORTING FACTS: | Under the rule, as announced in December 2002, BOP seeks to limit prisoner's halfway house (CCC) placement to the last 10 percent of their good-time adjusted sentence. Petitioner is now being made eligible for his six-month date because of this new ruling. BOP is making this ruling retroactive to inmates sentence before the December decision of 2002. |

(Petition, document # 2).

As previously stated, respondent filed a motion to dismiss on August 31, 2004, for failure to exhaust his administrative remedies.

### III. STANDARD UNDER MOTION TO DISMISS

Respondent brings his motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), Fed.R.Civ.P. A motion to dismiss under Rule 12 tests the sufficiency of the complaint. It does not resolve conflicts of facts. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the factual allegation in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences

that can be drawn from those allegations. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When a claim is challenged under this Rule, the court presumes that all well-pleaded allegations are true, resolves all doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party.

### IV.  ANALYSIS

Petitioner filed this petition alleging a miscalculation or misrepresentation with regards to his good time credits and the denial for six-month placement in the Community Correction Center.

It was noted that respondent had asserted that petitioner had a projected release date of May 3, 2005, via Good Conduct Time Release. It was also noted that pursuant to the docket sheet, mail to petitioner at FCI Edgefield was returned on May 2, 2005, as undeliverable. (Document #12). The Clerk of Court staff spoke with the personnel at FCI-Edgefield on June 28, 2005, and was informed that petitioner was released on May 3, 2005.

Where a petitioner attacks his sentence only and not the validity of the conviction, expiration of the sentence moots the case. See Lane v. Williams, 455 U.S. 624, 631 (1982). As petitioner has been released and his petition only attacked his sentence through his argument concerning good time credits and placement in a Community Center, this petition is deemed moot. Additionally, petitioner has not informed this court of a current address.

Based on the fact that petitioner has been released from incarceration and he only attacked his sentence, not the validity of his conviction in his petition, the undersigned recommends that this petition be dismissed as moot.

## V. CONCLUSION

      Based on the reasons set out above, it is RECOMMENDED that this petition be DISMISSED AS MOOT.

                                            Respectfully Submitted,

                                            s/Thomas E. Rogers, III
                                            Thomas E. Rogers, III
                                            United States Magistrate Judge

June 29, 2005
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**